# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 05-1032


**AURA E. MILLER**

**VERSUS**

**STATE FARM MUTUAL AUTO INS. CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
PARISH OF RAPIDES
ALEXANDRIA CITY COURT, NO. 100,742
HONORABLE RICHARD E. STARLING, JR., JUDGE


\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**Marshall R. Pearce**
**Casten & Pearce**
**P. O. Box 1180**
**Shreveport, LA 71163-1180**
**Counsel for Defendant/Appellant:**
        **State Farm Mutual Auto Ins. Co.**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**Counsel for Defendants/Appellants:**
**James and Rita Davis**

**Gregory Engelsman**
**Bolen, Parker & Brenner**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**Counsel for Plaintiff/Appellee:**
**Aura E. Miller**

**Pickett, J.**

The defendants, State Farm Mutual Automobile Insurance Company (State Farm) and its insured, James D. Davis, appeal a judgment of the trial court finding Mr. Davis 50% at fault in the motor vehicle accident which gave rise to this suit. We affirm the judgment of the trial court.

**FACTS**

This suit arises out of a two vehicle accident which happened on the parking lot of Lowe's Home Improvement Warehouse Store in Alexandria, Louisiana, on April 23, 2004. The drivers of both vehicles were insured by State Farm. The plaintiff, Aura E. Miller, was operating a 1996 Toyota Camry. Mr. Davis was driving a full-sized 2002 GMC pickup truck. The accident happened as Mrs. Miller was trying to back out of one parking space and Mr. Davis was simultaneously attempting to back into a parking space directly across from the space Mrs. Miller was vacating.

State Farm assigned a different adjuster to each of its insureds: Russ W. Jones to handle Mrs. Miller's claim and Michelle West to handle Mr. Davis' claim. Both of the insureds' policies provided collision coverage with a deductible—Mrs. Miller carried a $500.00 deductible and Mr. Davis a $250.00 deductible. State Farm determined that Mrs. Miller was 100% at fault in the accident and paid all claims in accordance with that determination. The determination that Mrs. Miller was 100% at fault saved State Farm $250.00, the difference between the parties' deductible amounts. Mrs. Miller disagreed with State Farm's determination of fault and, when State Farm refused to reconsider, filed this suit seeking to have Mr. Davis found 100% at fault, having State Farm refund her the $500.00 deductible she was forced to pay and seeking penalties and attorney's fees for State Farm's alleged arbitrary and

1

capricious handling of her claim. The trial court found the parties to each be 50% at fault and awarded Mrs. Miller $250.00 of her deductible. The trial court also found that State Farm was arbitrary and capricious in handling of her claim and awarded her $1,000.00 in penalties and attorney's fees. Mr. Davis and State Farm appeal.

## LAW AND DISCUSSION

The defendants raise two issues on appeal—the trial court's allocation of fault and its award of penalties and attorney's fees. Both of those issues involve factual determinations made by the trial court. The law applicable to the review of factual determinations made by the trial court was discussed by this court in *Broussard v. Premiere, Inc.*, 03-668, p. 4 (La.App. 3 Cir. 12/10/03), 861 So.2d 734, 736-37:

> Recently, in *Cenac v. Public Access Water Rights Assn.*, 02-2660, pp. 9-10 (La.6/27/03), 851 So.2d 1006, 1023, our supreme court reviewed the law applicable to the appellate review of cases involving factual determinations at the trial level:
>
> > In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court's finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. *Ambrose v. New Orleans Police Department Ambulance Service*, 93-3099, 93-3110, 93-3112, p. 8 (La. 7/5/94), 639 So.2d 216, 221.

There were no independent witnesses to the accident. Only four witnesses testified at trial: Mr. and Mrs. Davis, Mrs. Miller, and State Farm adjuster, Russ Jones. Both of the Davises testified that they did not see the Miller vehicle before the accident. They disputed Mrs. Miller's claim that she had backed partially out of her parking space and stopped, explaining that they surely would have seen a car

2

protruding into their lane of travel. They stated that Mr. Davis was heading toward the Lowe's building when they saw three empty parking spaces on his left. Mr. Davis pulled past the empty spaces and started to back into the middle space. As he was attempting this maneuver, they felt a slight bump or jolt and looked up to see that their truck and the Miller car had collided.

Mrs. Miller testified that she was parked between two other vehicles and that, because of this, she did not have a clear view of the lane of travel. Thus, she said, she had to back-up a couple of feet to improve her line of sight. She stated that upon doing so, she looked to her right, saw the Davis's truck coming down the aisle and stopped to let it pass. She testified that after the truck passed she once again looked to the right to make sure the way was clear, and, at this point, felt the collision.

The only other witness to testify at trial was Russ Jones, the State Farm adjuster assigned to handle Mrs. Miller's claim. He stated that he talked to Mr. Davis and Mrs. Miller, and that he had an estimator take photographs of the damage to each vehicle. Mr. Jones testified that, based upon the foregoing, he came to the conclusion that Mrs. Miller was 100% at fault in the accident. However, on cross-examination, Mr. Jones stated, "It could be consistent with him backing into the spot and striking her vehicle, [or] it could be consistent with him backing into the spot and her backing into him." Mr. Jones also testified that Mr. Davis admitted that his truck was moving at the time of the collision, and that Mr. Davis could not say what the Miller car was doing, because he didn't see it until after the accident. Further, Mr. Jones admitted that if Mrs. Miller was stopped at the time of the collision, she could not be 100% at fault.

3

The trial court, in its reasons for judgment stated, "[t]he evidence was clear that Mr. Davis was backing into this spot and had not seen Mrs. Miller before the collision." The court concluded "that each driver was fifty percent responsible for the accident."

After reviewing the testimony and the photographs of the damage to the respective vehicles, we cannot say that the trial court's conclusion "that each driver was fifty percent responsible for the accident" was clearly wrong.

As to the trial court's conclusion that State Farm was arbitrary, capricious and without probable cause in making it's determination that Mrs. Miller was one hundred percent at fault, we note the following from the trial court's written reasons for judgment:

> The adjuster handling the claim on behalf of Mrs. Miller's liability and collision coverage made a determination that Mrs. Miller was one hundred percent at fault even though he had spoken with Mrs. Miller whose version of the incident was that her vehicle was not moving at the time of the collision. It was uncontradicted that Mr. Davis was backing into a parking spot at the time of the collision. Ultimately State Farm made an internal decision that it's insured, Mrs. Miller, was one hundred percent at fault. Because of the deductibles involved, State Farm Mutual Automobile Insurance Company saved the sum of $250.00 by determining the liability in the manner outlined above. The Court is of the opinion that State Farm was unreasonable in it's determination of fault. It is incomprehensible how Mr. Davis wasn't at least partially at fault. This was a parking lot accident and it was acknowledged that the opposing driver, Mr. Davis, was backing at the time of the collision. State Farm made a determination internally that it would not protect the interest of it's insured, Mrs. Miller. The court is quite certain that if there had been a significant third party claim against Mrs. Miller as a result of this accident they would have taken her version to be true and correct, which would have been their duty, and would have defended this case appropriately. However, for whatever reason State Farm felt that it was in their best interest, not their insured's, to adjust this claim in the manner in which it was handled.

Mr. Jones, State Farm's adjuster, had no evidence that Mrs. Miller's car was moving at the time of the collision. In fact, he had Mrs. Miller's statement that she

4

was at a full stop when the collision occurred. Furthermore, Mr. Davis admitted that he was in the process of backing into a parking space and never saw the Miller's car. Clearly, State Farm handled this claim in the manner which was consistent with its own best interests and not those of Mrs. Miller. Considering the lack of evidence that Mrs. Miller's car was in motion at the time of the accident, the admission by Mr. Davis that he as backing up and did not see the Miller's car, and the fact that State Farm's determination was most advantageous to itself, we cannot say the trial court was clearly wrong in finding State Farm liable for penalties and attorney's fees for the manner in which it handled Mrs. Miller's claim.

Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against State Farm Mutual Automobile Insurance Company.

**AFFIRMED.**